FOURTH COURT OF APPEALS

SAN ANTONIO, TEXAS

COURT OF APPEALS NO. 04-14-00673-CV

JOHN M. DONOHUE

APPELLANT

V

BANDERA COUNTY SHERIFF'S DEPARTMENT; DANIEL L. BUTTS, SHERIFF,
BANDERA COUNTY, TEXAS, RESPONDENTS SUPERIOR; I.I. MARTINEZ,
DEPUTY; JOHN DOE #1-DEPUTY; JOHN DOE #2-DEPUTY; JOHN DOE #3-
DEPUTY; DEFENDANTS, INDIVIDUALLY, JOINTLY, SEVERALLY AND IN
THEIR OFFICIAL CAPACITY.

APPELLEE'S

FROM THE 198TH JUDICIAL DISTRICT COURT

BANDERA COUNTY, TEXAS

TRIAL COURT NUMBER: CV-14-0000239

HONORABLE M. REX EMERSON, JUDGE PRESIDING

APPELLANT'S FIRST AMENDED BRIEF

JOHN M. DONOHUE, PRO SE

APPELLANT

DUNCAN UNIT 1885073

1502 SOUTH 1ST ST

DIBOLL, TX 75841

APPELLANT DOES NOT REQUEST ORAL ARGUMENTS

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 JAN 20 PM 1:47
WRITTEN BY: KEITH E. HOTTLE, CLERK

PARTIES

TRIAL JUDGE
M. Rex Emerson
198TH Judicial District Court
Kerrville County Courthouse
700 Main Street
Kerrville, TX 78208


Appellant / Plaintiff
John M. Donohue, Pro Se
Duncan Unit 1855073
1502 South 1st St
Diboll, TX 75541


Attorney for Defense
McGinnis Lochridge
Michael Shaughnessy SBN 18134550
Eric Johnston SBN 24078009
600 Congress Ave, Ste 2100
Austin, TX 78201


Bandera County Sheriff's Office
Sheriff Daniel M. Butts
J. J. Martinez, Deputy
John Does
3360 State Hwy 173 N
Bandera County, TX 78003

ii

Index

1. Cover      i

2. Parties      ii

3. Index      iii

4. Oral Arguments      iv

5. Index of Authorities      v

6. Statement of Facts      1

7. Summary of the Argument      1

8. Point of Error Number One: Trial Court Had Jurisdiction 1 and Erred in Dismissing with Prejudice

9. Point of Error Number Two: Appellant Was Not Allowed 2 Time for Discovery

10. Point of Error Number Three: Officers Liable Individually 2 Respondents Superior Liable in Official Capacity

11. Point of Error Number Four: No Proof of Immunity 3

12. Prayer      3

ORAL ARGUMENTS

APPELLANT DOES NOT REQUEST ORAL ARGUMENTS.

# INDEX OF AUTHORITIES

Case Law                                                    PAGE NO.

1. THOMAS v KNIGHT, 52 SW 3d 282 (Tex. App. - Corpus        2
   Christi 2001)

2. HOUSTON v JENKINS, 363 SW 3d 808 (Tex. App. - Houston    3
   [Dist. v] 2010)

| | |
|---|---|
| JOHN M. DONCHE | § IN THE APPEALS DISTRICT |
| Appellant, | § |
| v. | § |
| BANDERA COUNTY SHERIFFS | § |
| DEPARTMENT, DANIEL R. BUTTS, | § |
| SHERIFF, BANDERA COUNTY, TEXAS, | § FOURTH COURT OF APPEALS |
| J.J. MARTINEZ, DEPUTY, JOHN D. #1, | § |
| DEPUTY, JOHN DOE #2, DEPUTY, JOHN | § |
| DOE #3, DEPUTY, DEFENDANTS, | § |
| INDIVIDUALLY, JOINTLY, SEVERALLY | § |
| AND IN THEIR OFFICIAL CAPACITY | § SAN ANTONIO, TX |

### APPELLANT'S FIRST AMENDED BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHN M. DONCHE, APPELLANT, PRO SE AND FILES APPELLANT'S FIRST AMENDED BRIEF, AND WILL SHOW THE HONORABLE COURT:

(cont)

AND OPERATES AS IF THE CASE HAD BEEN TRIED AND DECIDED. *THOMAS V KNIGHT*, 52 SW 3d 892 (TEX. APP- CORPUS CHRISTI 2001). IF PLEADING IS INSUFFICIENT TO ESTABLISH JURISDICTION, THE PLAINTIFF SHOULD BE AFFORDED THE OPPORTUNITY TO AMEND. *WISE REGIONAL HEALTH SYST. V BRITTIAN*, 268 3d 788, 805 (TEX. APP. -FORT WORTH 2008)

Point of Error Number Two: APPELLANT WAS NOT ALLOWED TIME FOR DISCOVERY.

APPELLEE'S FILED THEIR *ORIGINAL ANSWER* ON AUGUST 18, 2014. APPELLANT DID NOT RECEIVE THE ORIGINAL ANSWER UNTIL AUGUST 22, 2014, A FRIDAY. THE CASE WAS DISMISSED ON THE FOLLOWING FRIDAY, AUGUST 29, 2014

APPELLEE'S WERE SAID TO HAVE VIDEO AND OTHER EVIDENCE THAT WOULD SUPPORT APPELLANTS CLAIMS. APPELLANT STATED IN *PLAINTIFF'S ORIGINAL PETITION* THAT CLAIMS AND ALLEGATIONS WOULD BE MADE SPECIFIC AS EVIDENCE WAS OBTAINED AFTER DISCOVERY. APPELLANT WAS NOT ABLE TO DETERMINE NAMES, OFFICIAL CAPACITY OR ROLES EACH JOHN DOE PLAYED, TO BE ABLE TO MAKE SPECIFIC CLAIMS AGAINST SPECIFIC INDIVIDUALS.

Point of Error Number Three: OFFICERS LIABLE INDIVIDUALLY AND RESPONDENT'S SUPERIOR LIABLE IN OFFICIAL CAPACITY.

APPELLANT INTENDED TO HOLD OFFICERS RESPONSIBLE INDIVIDUALLY FOR A PERCENTAGE OF THE RESTITUTION BASED ON DEGREE OF CULPABILITY, AND RESPONDENTS SUPERIOR, IN THEIR

(2)

STATEMENT OF THE FACTS:

On August 29, 2014, Defendant's Plea to the Jurisdiction and Plea in Abatement was heard in the 198th Judicial District Court. Appellee's claimed sovereign and official immunity. The Court granted Defendant's Plea to the Jurisdiction and dismissed all claims with Prejudice.

Appellant is currently incarcerated in the Duncan Unit of the Texas Department of Criminal Justice and the hearing was conducted via teleconference.

Summary of the Argument

Appellant sued appellee's in their individual and official capacity for shooting appellants truck with rifles without cause. Appellant alleges that the trial court abused its discretion by dismissing the case with prejudice, based on Texas Tort Claims Act. The suit was brought under the Penal Code; appellant was denied meaningful discovery; appellee's claimed immunity, but offered no proof to support their claims.

Point of Error Number One: Trial Court had jurisdiction and erred in dismissing the case with prejudice.

The trial court had jurisdiction in this case by virtue of it being brought under the Penal Code, and erred in dismissing all claims with prejudice. Dismissal with prejudice constitutes an adjudication on the merits

(1)

official capacity, for illegally seizing the truck on behalf of the State of Texas and causing additional damage while towing the truck to the Sheriff's office.

This lawsuit does not attempt to determine guilt or innocence of Appellee's, only the decree of relief. Appellee's admitted to seizing the truck in Cause No. CV-13-310, Exhibit "B," in the 198th Judicial Court. The case was voluntarily non-suited by the 198th Judicial District Attorney after being pressured to produce video and other evidence that the Sheriff's claimed to have.

Point of Error Number Four: No Proof of Immunity

Sheriff's Deputies have not provided proof to support their claim of immunity from paying restitution for their individual unlawful acts and the Respondents superior claim that the Bandera County Commissioner's Court is responsible, but the Commissioners Court did not respond to Appellant's claim.

Official immunity is not presumed, it is an affirmative defense that must be conclusively proved. Houston & Jenkins, 363 SW3d 808 (Tex. App. - Houston [Dist. 4] 2012)

PRAYER

Appellee's have attempted to put DeRoille (Appellant) on trial, but Appellant was not charged or

(3)

ARRESTED FOR A CRIME THEREFORE, APPELLANT RESPECTFULLY PRAYS THAT THE HONORABLE COURT WILL CONSIDER AND DENY Defendant's Plea to the Jurisdiction AND REMAND THIS CASE FOR FURTHER PROCEEDINGS.

Respectfully Submitted,

John M. Donahue, Pro se
Appellant

John M. Donahue
Duncan Unit 1835073
1502 South 1st St
Diboll, TX 75941


VERIFICATION

I, John M. Donahue, under Penalty of Perjury verify that the foregoing is true and correct. Executed on this the 14th day of January 2015.

John M. Donahue


(4)

S. Donohue 1885073
Duncan Unit
1502 South 1st St
Diboll, TX 75941

NORTH HOUSTON TX 773

16 JAN 2015 PM 1



FOREVER USA

FOREVER USA

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO TEXAS
2015 JAN 20 PM 1:47

Keith E. Hottle
THE CLERK

Fourth Court of Appeals
300 Dolorosa, Ste 3200
San Antonio, TX 78205-3037

Legal Mail

78205313000